IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES and LINDA FAULKNER, *as the
parents and next friends of* J.F., minor child,

    Plaintiffs,

v.                                                                CIV No. 15-852 CG/GBW

NEW MEXICO CHILDREN YOUTH
AND FAMILIES DEPARTMENT, *et. al.*,

    Defendant.

## ORDER GRANTING MOTION TO STAY DISCOVERY

This matter comes before the Court pursuant to the Motion to Stay Discovery Pending Decisions on Qualified Immunity by Defendants Ellis, Buesgens, Burns, Gleaton, Kirkpatrick and Glascoe (*doc. 36*). The matter is fully briefed (*see docs. 41, 43, 44*), and being fully advised, the Court will grant the motion.

The individual defendants who seek a stay of discovery have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See docs. 6, 9, 29*. They argue, *inter alia*, that they are entitled to the defense of qualified immunity based upon the allegations made in the complaint. *See id*.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties

reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).  The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

In opposition to the requested stay, Plaintiffs make two arguments.  First, they argue that, as to Defendants Glascoe and Kirkpatrick, the claim of qualified immunity is frivolous.  *Doc. 41* at 2.  Even assuming so, it does not defeat the motion for a stay because they do not even assert that the qualified immunity claims of the other individual defendants are patently frivolous.  Where there is a viable qualified immunity claim by even one defendant, discovery for all defendants should generally

be stayed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). Regarding the other named defendants, Plaintiffs argue that "it will require development of a complete factual record to accurately evaluate any claim to qualified immunity that the employees may have." *Doc. 41* at 2. However, the pending dispositive motions are brought pursuant to Rule 12(b)(6) which means that it will be decided based on the sufficiency of the contents of the complaint alone. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Thus, no discovery is necessary to resolve them. If Plaintiffs' claims fail as a matter of law, imposing a stay would have prevented significant discovery costs. Should Plaintiffs defeat the motions, the delay will have been relatively short.

      Plaintiffs, confident in their ability to defeat all motions under 12(b)(6), anticipate the need for discovery to respond to Defendants' expected summary judgment motions. *See doc. 41* at 5-7. Indeed, resolution of such motions may require some discovery. Even if true, a general stay of discovery would be appropriate. A general stay will not prevent Plaintiffs, after the filing of a summary judgment motion, from requesting targeted discovery pursuant to Rule 56(d) should they believe that discovery is "essential to justify [their] opposition." FED. R. CIV. P. 56(d). If the Court agrees, the limited discovery would be permitted notwithstanding a general stay of discovery.

In short, Plaintiffs have failed to show why the general rule of entitlement to a stay pending resolution of a qualified immunity motion should not apply here. Therefore, IT IS ORDERED that discovery in this case is hereby STAYED pending rulings on all pending motions to dismiss filed by individual Defendants (*docs. 6, 9, 29*).

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE