## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES FAULKNER and KYM
FAULKNER, in their Individual Capacity
and as Parents and Next Friends of J.F.,
a Minor Child,

        Plaintiffs,

v.                                  No. CV 15-852 CG/GBW

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT, YOLANDA
DEINES, RICHARD GLASCOE, JODI L.
KIRKPATRICK, HEATHER BROWN ELLIS,
MARSHA BUESGUENS, JACKIE BURNS, and
STACY GLEATON,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendants Heather Brown Ellis,

Marsha Buesguens, Jackie Burns, and Stacy Gleaton's ("Individual Defendants") *Motion*

*and Memorandum to Dismiss Plaintiffs' First Amended Complaint*, ("Individual

Defendants' Motion to Dismiss"), (Doc. 29), filed December 14, 2015; *Plaintiffs'*

*Response in Opposition to Defendant Named CYFD Employees' Motion to Dismiss*

*Plaintiffs' First Amended Complaint*, (Doc. 30), filed December 28, 2015; and *Reply In*

*Support of Motion to Dismiss Plaintiffs' First Amended Complaint Filed By Defendants*

*Heather Brown Ellis, Marsha Buesguens, Jackie Burns, and Stacy Gleaton*, (Doc. 37),

filed January 15, 2016.

Also before the Court is *Defendant Yolanda Deines' and New Mexico Children*

*Youth and Families Department's Amended Motion and Memorandum to Dismiss*

*Plaintiffs' First Amended Complaint* ("CYFD Motion to Dismiss"), (Doc. 12), filed October

14, 2015; *Plaintiffs' Response to Defendants Yolanda Deines & New Mexico Children Youth and Families Department's Motion to Dismiss Plaintiffs' First Amended Complaint*, (Doc. 16), filed October 28, 2015; and *Defendant Yolanda Deines' and New Mexico Children Youth and Families Department's Reply in Support of their Amended Motion to Dismiss Plaintiffs' First Amended Complaint*, (Doc. 25), filed November 16, 2015.  After reviewing the briefs, the Court finds that the Individual Defendants' Motion to Dismiss should be **GRANTED** and the CYFD Motion to Dismiss should be **GRANTED IN PART** and **DENIED IN PART**.

## I.    Factual Allegations

This case was filed by Plaintiffs James and Kym Faulkner on behalf of their minor child, J.F., after he allegedly suffered serious and disturbing abuse at the hands of his foster parents while in foster care. The facts are alleged as follows: Defendants Richard Glascoe ("Defendant Glascoe") and Jodi L. Kirkpatrick ("Defendant Kirkpatrick") (together, the "Glascoe Defendants") were approved and certified by the New Mexico Children Youth and Families Department ("CYFD") to provide foster care and placement for minor children in the custody of CYFD. (Doc. 1-1 at 2 ¶ 7). J.F. came into the custody of CYFD before he was three years old, (*Id.* at 2 ¶ 2, 4 ¶19), and was involuntarily placed in the Glascoe Defendants' custody by CYFD for several periods of time between 2003 and 2006. (*Id.* at 4 ¶¶ 21–22, 8 ¶ 50). While J.F. was in the custody of the Glascoe Defendants, J.F. was subjected to severe sexual and emotional abuse at the hands of both Defendant Glascoe and Defendant Kirkpatrick. (*Id.* at 5 ¶ 29, 6–7 ¶ 35). Plaintiffs allege that CYFD and its employees either knew, or should have known,

of the danger presented by the Glascoe foster home at the time the Glascoe foster home was initially approved and recertified for licensure. (*Id.* at 3, ¶¶ 8–11, 4 ¶ 23).

Plaintiffs filed their *First Amended Complaint for Damages* ("Complaint"), (Doc. 1-1), on September 22, 2015 in the District Court of Santa Fe County, First Judicial District, State of New Mexico ("State District Court"), alleging claims against several defendants. As is relevant here, Plaintiffs claim that CYFD, CYFD Secretary Yolanda Deines ("Defendant Secretary"), and CYFD employees Heather Brown Ellis, Marsha Buesguens, Jackie Burns, and Stacy Gleaton ("Individual Defendants") violated J.F.'s constitutional rights to bodily integrity and to be free from harm while in foster care by placing him in the Glascoe foster home. (Doc. 1-1 at 12–13). Plaintiffs state that, as a result, J.F. suffered severe injuries and seek compensation for those injuries under 42 U.S.C. § 1983. Plaintiffs also allege negligence claims under the New Mexico Tort Claims Act ("NMTCA") against CYFD, Defendant Secretary, and the Individual Defendants for placing J.F. in the Glascoe Defendants' care, and for failing to monitor, supervise, or inspect the Glascoe home. (*Id.* at 10–12).

Thereafter, the case was removed to this Court on September 24, 2015. (Doc. 1). The Individual Defendants, CYFD and Defendant Secretary then filed their Motions to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docs. 12 & 29). In both Motions, Defendants argue that Plaintiffs' Complaint does not allege sufficient facts to state a claim upon which relief can be granted, as to both Plaintiffs' constitutional and negligence claims. In addition, the Individual Defendants contend that they are entitled to qualified immunity on Plaintiffs' constitutional claims.

## II.   Standard of Review

The Federal Rules of Civil Procedure provide that a complaint must contain a "short and plain" statement of: (1) the ground supporting the court's jurisdiction; (2) the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). A defendant may move the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain allegations of fact that, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted). While the court must accept as true all of the allegations in the complaint, the court need not grant the same deference to conclusory statements.  *Iqbal*, 556 U.S. at 678. Moreover, "a formulaic recitation of the elements of a cause of action" will not suffice to state a claim. *Twombly*, 550 U.S. at 555. Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

In particular, "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *Griego v. City of Albuquerque*, 100

F. Supp. 3d 1192, 1220 (D.N.M. 2015) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008)). As a result, in cases where a plaintiff alleges claims against government actors sued in their individual capacities under § 1983, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state." *Robbins*, 519 F.3d at 1249–50 (emphasis in original).

## III.  Analysis

The Individual Defendants, CYFD, and Defendant Secretary all argue that Plaintiffs' Complaint contains only conclusory allegations and fails to include any facts indicating that they are liable under Plaintiffs' constitutional and negligence claims. For the same reasons, the Individual Defendants also argue that they are entitled to qualified immunity. Plaintiffs respond generally that the Complaint plausibly states all claims, and that both Motions to Dismiss should be denied.

### A.  *Plaintiffs' Claims Against Defendants Ellis, Buesguens, Burns, and Gleaton*

The Individual Defendants argue that Plaintiffs' Complaint contains only conclusory allegations and fails to include any facts indicating the Individual Defendants are liable under Plaintiffs' constitutional and negligence claims. For the same reasons, the Individual Defendants also argue that they are entitled to qualified immunity. Plaintiffs respond that they have sufficiently alleged facts which plausibly state claims against the Individual Defendants under § 1983 and the NMTCA.

*1.  Plaintiffs' Claims Under Section 1983*

A civil rights action under 42 U.S.C. § 1983 may be brought against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (1996). Thus, to state a claim under § 1983, an injured person must allege a violation of a federally protected right, and must show that the alleged deprivation was committed by an individual acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiffs allege claims under the Due Process Clause of the Fourteenth Amendment, which provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Generally, under Section 1983, "state actors are only liable for their own acts, not for acts of private violence." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). Indeed, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty and property of its citizens against invasion by private actors." *A.M. ex rel. Youngers v. New Mexico Dep't of Health*, 65 F. Supp. 3d 1206, 1241 (D.N.M. 2014) (citing *Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). "However, the Tenth Circuit has recognized two exceptions to this general rule;" the "special relationship doctrine" and the "danger creation" theory. *Whitley v. New Mexico Children, Youth & Families Dep't*, 184 F. Supp. 2d 1146, 1154 (D.N.M. 2001) (internal citations omitted); *see Schwartz*, 702 F.3d at 579.

Generally, "[t]he 'special relationship doctrine' applies when the state assumes control over an individual sufficient to trigger an affirmative duty to provide protection to that individual." *Schwartz*, 702 F.3d at 579 (citing *J.W. v. Utah,* 647 F.3d 1006, 1011 (10th Cir. 2011)). The Tenth Circuit has explicitly recognized that foster children have a substantive due process right to "protection while in foster care." *Schwartz*, 702 F.3d at 580 (citing *Yvonne L. ex rel. Lewis v. New Mexico Department of Human Services,* 959 F.2d 883, 892–93 (10th Cir. 1992)). State officials will be found to have violated this right when they either: (1) "knew of the asserted danger to [the foster child]; or (2) failed to exercise professional judgment with respect thereto," thereby causing the foster child's injuries. *J.W.*, 647 F.3d at 1011; *Whitley*, 184 F. Supp. 2d at 1157. "'[F]ailure to exercise professional judgment' requires more than mere negligence: it requires an abdication of such professional responsibility, and such abdication must be sufficient to shock the conscience." *J.W.*, 647 F.3d at 1011 (citing *Johnson v. Holmes,* 455 F.3d 1133, 1143 (10th Cir. 2006)).

Under the "danger creation" theory, a state actor may be liable under the Due Process Clause when he or she "'affirmatively acts to create, or increases a plaintiff's vulnerability to, or danger from private violence.'" *A.M.*, 65 F. Supp. 3d at 1242 (citing *Currier v. Doran,* 242 F.3d 905, 923 (10th Cir. 2001)). In order for a state actor to be liable under this theory, a plaintiff must demonstrate that:

> (1) the state entity and individual actors created the danger or increased the plaintiff's vulnerability to the danger; (2) plaintiff was a member of a limited and specifically definable group; (3) defendant's conduct put plaintiff at substantial risk of serious, immediate and proximate harm; (4) the risk was obvious and known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, shocks the conscience.

*Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1126 (10th Cir. 2008) (internal citations omitted). "Regarding the necessary culpability, the Due Process clause only protects against 'deliberately wrongful government decisions rather than merely negligent government conduct.'" *Id.* (citing *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir. 1995)).

In the case at bar, the Complaint alleges Section 1983 claims against the Individual Defendants under both the "special relationship doctrine" and the "danger creation" theory. Thus, in order to state a claim which is "plausible on its face," Plaintiffs must plead factual content that allows the Court to draw reasonable inferences that the Individual Defendants engaged in sufficiently culpable conduct that caused J.F.'s injuries. In determining whether Plaintiffs have done so, the Court will begin by identifying the allegations in the Complaint which are entitled to the presumption of truth, and those which are not. *Iqbal*, 556 U.S. at 680.

Plaintiffs' Complaint is largely comprised of conclusory allegations and recitations of the elements of their claims. Plaintiffs allege that each Individual Defendant either knew or should have known of the dangers presented by the Glascoe foster home, failed to properly monitor, investigate, and supervise the Glascoe foster home from 2003 through 2006, created a danger to J.F. by placing him with the Glascoe Defendants, created a special relationship with J.F. and had a duty to protect him, and failed to exercise their professional judgment in caring for J.F. (Doc. 1-1 at 4–5 ¶¶ 23–25, 12–13 ¶¶ 88–93). Because these are conclusory allegations, they are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.

The Court is left with the following factual allegations: the Glascoe Defendants

were approved and certified by CYFD to provide foster care and placement to minor children in the custody of CYFD. (Doc. 1-1 at 2 ¶ 7). J.F. came into the custody of CYFD before he was three years old, (*Id.* at 2 ¶ 2, 4 ¶19), and was involuntarily placed in the Glascoe Defendants' custody by CYFD for several periods of time between 2003 and 2006. (*Id.* at 4 ¶¶ 21–22, 8 ¶ 50). While J.F. was in the custody of the Glascoe Defendants, J.F. was subjected to severe sexual and emotional abuse. (*Id.* at 5 ¶ 29, 6–7 ¶ 35). Throughout this time, the Glascoe Defendants were continually reapproved and certified for foster parent licensure, and J.F. was repeatedly placed in their care, by the Individual Defendants. (*Id.* at 3 ¶¶ 8–11, 4–5 ¶¶ 22–25).

The Court finds that these facts, presumed true, do not present the requisite conscience-shocking conduct required for liability under § 1983. Indeed, the facts as alleged demonstrate only that J.F. was severely abused while in the custody of the Glascoe Defendants, and that the Individual Defendants had worked on J.F.'s case in some capacity at certain points throughout that time. Plaintiffs point to no facts other than the Individual Defendants' positions of employment and involvement in J.F.'s placement for the proposition that they knew or should have known of the abuse perpetrated in the Glascoe home. Thus, this allegation is conclusory, and is not entitled to the assumption of truth. *See Phillips v. Bell*, No. 08-1420, 365 Fed. Appx. 133, 142 (10th Cir. Feb. 12, 2010) (unpublished) (explaining that an allegation that defendants must have known of alleged misconduct by an agency by virtue of their employment there was conclusory and could not withstand 12(b)(6) review; *Bishop v. Oklahoma ex rel. Dep't of Human Servs.*, No. CIV-13-171-D, 2013 WL 6192516, at *1, 4–5 (W.D. Okla. Nov. 26, 2013) (unpublished) (finding allegations that defendants were state

agency employees who had some role in monitoring care of child in foster home, and that the foster child was abused in that foster home, insufficient to state a substantive due process claim).

Plaintiffs urge that they have sufficiently alleged that the Individual Defendants have failed to exercise their professional judgment by repeatedly approving the Glascoe's for foster licensure, placing J.F. in the Glascoe's care, and failing to act on reports that J.F. had been sexually abused. (Doc. 30 at 7). However, the only reference to reports that J.F. had been sexually abused in the Complaint states that "[Defendant Stacy] Gleaton is the CYFD employee who received reports of J.F.'s sexual abuse but failed to act." (Doc. 1-1 at 3 ¶ 11). Apart from this vague statement, Plaintiffs provide no specific factual allegations regarding what information Defendant Gleaton may have received, how she failed to act on that information, or how Defendant Gleaton's failure involved any of the other Individual Defendants. *See Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1239–40 (10th Cir. 2013) (finding allegations of a litany of diverse and vague acts, including sending emails, faxes, correspondence, and/or meetings, which contained the alleged misconduct, without any details or concrete examples, to be too conclusory, vague, and confusing to give each defendant fair notice of what the claim is and the grounds upon which it rests).

In fact, without any more detail, this allegation is more conclusory than factual, as neither the Court, nor Defendant Gleaton, is aware of the particular misconduct Defendant Gleaton is alleged to have committed. The allegation that Defendant Gleaton generally received reports of the abuse and failed to act is insufficient to support the conclusory contention that the Individual Defendants failed to exercise professional

judgment under the standards required for a substantive due process claim. *Bishop*, 2013 WL 6192516, at *4–5 (finding the factual allegations that a defendant "failed to act professionally in protecting plaintiff from harm by failing to review prior allegations of abuse by [the defendant foster parent], failing to properly supervise plaintiff's placement with [the defendant foster parent], and failing to provide proper care and treatment alternatives before, during and after the abuse by [the defendant foster parent]" to be insufficient to state a substantive due process claim).

In considering the Complaint as a whole, the Court concludes that this one allegation, in the context of the dearth of factual content alleged in the Complaint, is simply insufficient to state a plausible claim, and leaves Defendant Gleaton without notice as to what particular actions are alleged as grounds for her liability. *See Robbins*, 519 F.3d at 1253. The Court is mindful that Plaintiffs intend to clarify the level of involvement of the Individual Defendants as discovery progresses and evidence develops. (Doc. 30 at 7). However, it is well-settled that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Therefore, Plaintiffs' constitutional claims against the Individual Defendants do not survive the Individual Defendants' Motion to Dismiss.[1]

### 2. *Plaintiffs' Claims Under the NMTCA*

In addition, the Complaint alleges negligence claims against the Individual Defendants under the NMTCA. In order to state a negligence claim which is "plausible on its face," Plaintiffs must plead factual content that allows the Court to draw reasonable inferences that the Individual Defendants acted negligently, and ultimately

---

[1] Because the Court finds that Plaintiffs have failed to state a claim under § 1983, the Court will not address the Individual Defendants' argument that they are entitled to qualified immunity.

caused J.F.'s injuries. Again, in determining whether Plaintiffs have done so, the Court will consider the allegations in the Complaint which are entitled to the assumption of truth, and those which are not. *Iqbal*, 556 U.S. at 680.

Similar to Plaintiffs' constitutional claims, Plaintiffs' negligence claims are supported almost entirely with conclusory allegations. Indeed, the Complaint states that the Individual Defendants had a general duty to protect J.F. and ensure he was reasonably safe from harm, that they breached their duty to protect J.F., negligently entrusted the Glascoe Defendants with the care of J.F., failed to warn J.F. of the danger he was in at the Glascoe home, and neglected to properly supervise and monitor the Glascoes. (Doc. 1-1 at 10–11 ¶¶ 74–75). The Complaint further alleges that the danger presented by the Glascoe foster home was foreseeable to the Individual Defendants, and that their actions and inactions led to J.F. being severely harmed and incurring severe damages. (*Id.* at 11–12 ¶¶ 78, 82, 83).

Once more, the Court is left without any factual allegations describing specific misconduct or actions taken by the Individual Defendants indicating that they were negligent. *See Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1207, 1318–19 (D.N.M. 2014) (finding that the plaintiffs' complaint failed to state a negligence claim, as it failed to allege the basic elements of negligence, including the existence and contours of the duty the defendants owed the plaintiffs, and the way the defendants breached that duty). As a result, for the same reasons stated above with regard to Plaintiffs' constitutional claims, *see* discussion *supra* pp. 9–11, Plaintiffs also fail to state a claim upon which relief can be granted as to their negligence claims. Therefore, Plaintiffs'

claims against the Individual Defendants under the NMTCA do not survive the Individual
Defendants' Motion to Dismiss.

### B. *Plaintiffs' Claims Against Defendants CYFD and Secretary Deines*

CYFD and Defendant Secretary also move to dismiss Plaintiffs claims against
them, arguing that Plaintiffs' Complaint contains only conclusory allegations and fails to
include any facts indicating that either Defendant is liable under Plaintiffs' constitutional
and negligence claims.

Plaintiffs respond that they consent to the dismissal of their § 1983 claims
against CYFD with prejudice, and against Defendant Secretary without prejudice.[2] As a
result, the Court will not consider those claims. As to Plaintiffs' negligence claims
against both CYFD and Defendant Secretary, Plaintiffs contend that they have
sufficiently stated claims of negligence against both Defendants, and that the State
District Court has already ruled that both Defendants have waived immunity under the
NMTCA.

As explained above, in order to state a claim which is "plausible on its face,"
Plaintiffs must plead factual content that allows the Court to draw reasonable inferences
that CYFD and Defendant Secretary acted negligently, and ultimately caused J.F.'s
injuries. Similarly to Plaintiffs' claims against the Individual Defendants, Plaintiffs'
negligence claims against CYFD and Defendant Secretary are supported almost
entirely with conclusory allegations. Indeed, the Complaint states that CYFD and
Defendant Secretary had a general duty to protect J.F. and ensure he was reasonably
safe from harm, that they breached their duty to protect J.F., negligently entrusted the

---

[2] In their reply brief, Defendants do not object to dismissing Plaintiffs' § 1983 claims against Defendant
Secretary without prejudice. (Doc. 25 at 1).

Glascoe Defendants with the care of J.F., failed to warn J.F. of the danger he was in at the Glascoe home, and neglected to properly supervise and monitor the Glascoes. (Doc. 1-1 at 10–11 ¶¶ 74–75). The Complaint further alleges that the danger presented by the Glascoe foster home was foreseeable to CYFD and Defendant Secretary, and that their actions and inactions led to J.F. being severely harmed and incurring severe damages. (*Id.* at 11–12 ¶¶ 78, 82, 83). In addition, the Complaint states that CYFD had immediate supervisory authority over Defendant Secretary, the Individual Defendants, and Defendant Kirkpatrick, and is vicariously liable for their actions. (*Id.* at 10 ¶ 72, 12 ¶ 85).

As to Plaintiffs allegations of CYFD and Defendant Secretary's direct negligence, Plaintiffs fail to allege any facts describing the specific misconduct or actions taken by CYFD or Defendant Secretary which would allow the Court to infer that they breached a duty owed to J.F. or caused his injuries. As a result, Plaintiffs have failed to state a plausible claim for basic negligence as to CYFD and Defendant Secretary. *See Tapia*, 10 F. Supp. 3d at 1318–19.

Plaintiffs also claim that CYFD had immediate supervisory authority over Defendant Secretary, the Individual Defendants, and Defendant Kirkpatrick, and is therefore liable for their actions under a theory of respondeat superior. "Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment." *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1271 (D.N.M. 2010) *aff'd,* No. 11-2210, 499 Fed. Appx. 771 (10th Cir. Oct. 11, 2012) (unpublished) (internal citations omitted). "To name a particular entity in an action under the [NMTCA] requires two things: (1) a negligent public employee who meets of

the waiver exceptions under Sections 41-4-5 to -12; and (2) an entity that has immediate supervisory responsibilities over the employee." *Id.* (citing *Silva v. State*, 106 N.M. 472, 477 (1987)).

As to Defendant Secretary and the Individual Defendants, there can be no vicarious liability for CYFD, as the Court has already found that Plaintiffs have failed to state claims of negligence against those defendants. *See* discussion *supra* pp. 12–13, 14. Without properly alleging that a public employee has been negligent, and that the public employee meets one of the waiver exceptions under the NMTCA, the Court cannot impose vicarious liability. *Lymon*, 728 F. Supp. 2d at 1271.

With regard to Defendant Kirkpatrick, on the other hand, Plaintiffs allege that CYFD is vicariously liable for Defendant Kirkpatrick's actions, specifically, her failure to warn J.F. of, and protect him from, the dangers present in the Glascoe home. (Doc. 1-1 at 84–85). This Court has already found that Plaintiffs have stated a negligence claim against Defendant Kirkpatrick, and that Defendant Kirkpatrick has waived her immunity under the NMTCA. (*See* Doc. 46 at 26–27). Because Plaintiffs have properly alleged that Defendant Kirkpatrick acted as a negligent employee of CYFD, and that she falls under one of the waiver exceptions under the NMTCA, CYFD may be held vicariously liable for the negligent actions of Defendant Kirkpatrick as her immediate supervisor. *Lymon*, 728 F. Supp. 2d at 1271. As a result, Plaintiffs may proceed with their claims against CYFD under the NMTCA.

In sum, for the reasons stated above and previously discussed by this Court, Plaintiffs fail to state a claim upon which relief can be granted as to their negligence claims against Defendant Secretary. Plaintiffs' negligence claim against CYFD on the

basis of vicarious liability for the negligence of Defendant Kirkpatrick, however, includes sufficient facts to survive 12(b)(6) review.

## IV.    Conclusion

For the reasons discussed above, the Court finds that, taking all of Plaintiffs' allegations as true, Plaintiffs have alleged insufficient facts to plausibly state claims under 42 U.S.C. § 1983 and the NMTCA against the Individual Defendants. Similarly, Plaintiffs have failed to state claims under the NMTCA against Defendant Secretary. Thus, those claims must be dismissed. Plaintiffs have sufficiently pled claims under the NMTCA against CYFD under a theory of vicarious liability, and therefore Plaintiffs may proceed with that claim.[3]

The Court must now determine whether Plaintiffs should be granted leave to amend their Complaint. At this point, the Court cannot determine that it would be futile to grant Plaintiffs leave to amend the Complaint. *Brereton*, 434 F.3d at 1219 (10th Cir. 2006) (noting that dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile); *Bishop*, 2013 WL 6192516, at *5. Indeed, this Circuit has noted that "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brever v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (internal citations omitted). Because Plaintiffs may be able to rectify the deficiencies in their pleading by alleging additional factual matter, the Court concludes that Plaintiffs may file a second amended complaint as to those claims which have been found to be deficient.

---

[3] As explained above, Plaintiffs have agreed to dismiss their claims under 42 U.S.C. § 1983 against CYFD and Defendant Secretary.

Accordingly, **IT IS THEREFORE ORDERED** that:

(1) Defendants Heather Brown Ellis, Marsha Buesguens, Jackie Burns, and Stacy Gleaton's *Motion and Memorandum to Dismiss Plaintiffs' First Amended Complaint*, (Doc. 29), be **GRANTED**;

(2) All of Plaintiffs' claims against Defendants Heather Brown Ellis, Marsha Buesguens, Jackie Burns, and Stacy Gleaton be **DISMISSED WITHOUT PREJUDICE**;

(3) *Defendant Yolanda Deines' and New Mexico Children Youth and Families Department's Amended Motion and Memorandum to Dismiss Plaintiffs' First Amended Complaint*, (Doc. 12), be **GRANTED IN PART** and **DENIED IN PART**;

(4) All of Plaintiffs' claims against Defendant Yolanda Deines be **DISMISSED WITHOUT PREJUDICE**;

(5) Plaintiffs' constitutional claims under 42 U.S.C. § 1983 against Defendant New Mexico Children Youth and Families Department be **DISMISSED WITH PREJUDICE**; and

(6) Plaintiffs have stated a state tort claim under the New Mexico Tort Claims Act against Defendant New Mexico Children Youth and Families Department, and may proceed with that claim.

**IT IS FURTHER ORDERED** that Plaintiffs may filed a second amended complaint to cure the deficiencies outlined in this order on or before **May 5, 2016**. The Court notes that, in the event all of Plaintiffs' constitutional claims are ultimately

dismissed, this Court will consider whether it should decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c).


THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE