IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES FAULKNER and KYM
FAULKNER, in their Individual Capacity
and as Parents and Next Friends of J.F.,
a Minor Child,

          Plaintiffs,

v.                                                                               No. CV 15-852 CG/LAM

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT, YOLANDA
DEINES, RICHARD GLASCOE, JODI L.
KIRKPATRICK, HEATHER BROWN ELLIS,
MARSHA BUESGUENS, JACKIE BURNS, and
STACY GLEATON,

          Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon *Plaintiffs['] Motion for Reconsideration of Dismissal of Claims Against Defendant Jodi Kirkpatrick for Qualified Immunity and Request for Oral Argument* ("Motion for Reconsideration"), (Doc. 50), filed on April 4, 2016; *Defendant Jodi Kirkpatrick's Response in Opposition to Plaintiff's Motion for Reconsideration of Dismissal of Claims Against Defendant Jodi Kirkpatrick for Qualified Immunity and Request for Oral Argument [Doc. 50]*, (Doc. 53), filed on April 18, 2016; Defendant *Richard Glascoe's Response in Opposition to Plaintiff's Motion to Reconsider the Dismissal [of] Claims Against Defendant Jodi Kirkpatrick*, (Doc. 56), filed April 25, 2016; and *Plaintiffs' Reply in Support of Their Motion for Reconsideration*, (Doc. 57), filed on May 2, 2016.

Also before the Court is Defendant *Richard Glascoe's Motion to Dismiss the § 1983 Claims Made Against Him in Plaintiffs' First Amended Complaint for Damages and Memorandum in Support Thereof* ("Motion to Dismiss"), (Doc. 47), filed March 10, 2016; *Plaintiffs' Response in Opposition to Defendant Richard Glascoe's 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint*, (Doc. 51), filed on April 8, 2016; and *Richard Glascoe's Reply in Support of Motion to Dismiss the § 1983 Claims Made Against Him in Plaintiffs' First Amended Complaint for Damages*, (Doc. 54), filed on April 22, 2016.

Both the Motion for Reconsideration and the Motion to Dismiss address the issue of whether Defendants Richard Glascoe ("Defendant Glascoe") and Jodi L. Kirkpatrick ("Defendant Kirkpatrick") (together, "Defendants") are entitled to qualified immunity on Plaintiffs' constitutional claims against them under 42 U.S.C. § 1983.[1] The Court has already held, in deciding Defendant Kirkpatrick's *Motion to Dismiss Plaintiffs' First Amended Complaint for Damages* ("Kirkpatrick Motion to Dismiss"), (Doc. 9), that Defendant Kirkpatrick was entitled to qualified immunity on the grounds that Plaintiffs failed to show that a reasonable person in Defendant's position would have understood her conduct to be in violation of the Fourteenth Amendment and actionable under § 1983. (Doc. 46). Plaintiffs now ask the Court to reconsider that holding, and decide Defendant Glascoe's Motion to Dismiss accordingly.[2]

---

[1] The facts of this case as they relate to Plaintiffs' § 1983 claims against Defendants Glascoe and Kirkpatrick are described in more detail in the Court's previous *Memorandum Opinions and Orders*. (Docs. 42 & 46).

[2] The parties agree that the qualified immunity analysis with regard to Defendant Glascoe is virtually the same as the analysis as it relates to Defendant Kirkpatrick, because they both allegedly violated J.F.'s rights under the Fourteenth Amendment while they served as his foster parents. (Doc. 72 at 1).

Under FED. R. CIV. P. 54(b), a Court may alter or amend an interlocutory order at any time before the filing of the final judgment. Generally, "the standard for reviewing a Rule 54(b) motion for reconsideration is the same as the standard for reviewing a Rule 59(e) motion to alter or amend a judgment. *Public Service Co. of New Mexico v. Approximately 15.49 Acres of Land in McKinley County, New Mexico*, No. 15 CV 501 JAP/CG, 2016 WL 877951, at *2 (D.N.M. Mar. 2, 2016) (unpublished) (internal citations omitted). "Hence, the Court can grant [a motion to reconsider if the movant] shows: (1) there has been an intervening change in the controlling law; (2) there is new evidence previously unavailable; or (3) the Court needs to correct clear error or prevent manifest injustice." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

However, a motion to reconsider is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. In any case, "[a] district court has considerable discretion in ruling on a motion to reconsider." *Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, No. CV 15-0199 JB/KBM, 2016 WL 164332, at *8 (D.N.M. Jan. 4, 2016) (unpublished) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

The Court has carefully reviewed the briefing on the Kirkpatrick Motion to Dismiss, the briefing on the Motion for Reconsideration, and the briefing on Defendant Glascoe's Motion to Dismiss, all of which address the question of whether both Defendants are entitled to qualified immunity. The Court also heard oral argument from the parties at a hearing on June 17, 2016. (*See* Doc. 72). In arguing for reconsideration, Plaintiffs have not presented any intervening change in controlling law, or cited to any

3

new evidence previously unavailable. Rather, Plaintiffs contend that the Court made clear error in concluding that Defendant Kirkpatrick is entitled to qualified immunity. Yet, Plaintiffs have not provided, and the Court has not found, any case which challenges the Court's finding that, under *Johnson v. Martin*, 195 F.3d 1208 (10th Cir. 1999), the relevant inquiry as to whether a right is clearly established for purposes of qualified immunity is whether a reasonable state actor would have had notice that his or her conduct violated J.F.'s constitutional rights. (Doc. 46 at 20–21).

In determining whether Defendants had notice that their alleged abuse of J.F. violated his substantive right to due process under the Fourteenth Amendment, the Court again notes that there is no Tenth Circuit case holding that foster parents may act under color of state law for purposes of § 1983. Further, there is no case from which it is clear that, given foster parents' relationship with the state, they may act under color of New Mexico law. Indeed, relying on Tenth Circuit jurisprudence, judges in the District of New Mexico have come to varying conclusions as to whether a foster parent is a state actor in New Mexico. *See Bailey v. Pacheco, et al*, No. CIV 96-959 LH/DJS (D.N.M. Apr. 3, 1998) (unpublished); *G.Z. v. Hagloff, et al*, No. CIV 96-1373 MV/WD (D.N.M. Dec. 8, 1998) (unpublished); *Barbara R. v. Couch*, Civ. No. 03-1225 MCA/WDS (D.N.M. Sept. 30, 2006) (unpublished); *MacNeilage v. Young*, No. CIV-07-841 RHS/WDS (D.N.M. May 19, 2009) (unpublished).

While the Court acknowledges that the facts of this case are particularly devastating, without further guidance or a definitive holding that foster parents can act under color of state law for purposes of § 1983, the Court must find that, under the law as it stands, Plaintiffs have not met their burden of showing that a reasonable person in

4

Defendants' position would have understood her conduct to be in violation of the Fourteenth Amendment and actionable under § 1983. Thus, Plaintiffs have not demonstrated that the Court has committed clear error, or that reconsideration of its previous ruling is necessary to prevent manifest injustice. Accordingly, the Court will not alter its previous ruling that Defendant Kirkpatrick is entitled to qualified immunity. As a result, **IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Reconsideration of Dismissal of Claims Against Defendant Jodi Kirkpatrick for Qualified Immunity and Request for Oral Argument*, (Doc. 50), be **DENIED**.

Additionally, for the reasons stated in the Court's *Memorandum Opinion and Order* finding that Defendant Kirkpatrick is entitled to qualified immunity as to Plaintiffs' § 1983 claims against her, (Doc. 46), **IT IS FURTHER ORDERED** that Defendant *Richard Glascoe's Motion to Dismiss the § 1983 Claims Made Against Him in Plaintiffs' First Amended Complaint for Damages and Memorandum in Support Thereof*, (Doc. 47), be **GRANTED**, and Plaintiffs' § 1983 claims against Defendant Glascoe be **DISMISSED WITH PREJUDICE**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE