IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES FAULKNER, et al.,

      Plaintiffs,

v.                                                               No. CV 15-852 CG/LAM

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' *Motion for Final Order Remanding State Claims Pursuant to 28 U.S.C. Section 1367 & Dismissing Federal Claims* (the "Motion"), (Doc. 93), filed October 5, 2016; Defendant Richard Glascoe's *Response to Plaintiffs' Motion to Enter Final Order Remanding State Claims Pursuant to 28 U.S.C. § 1367 and Dismissing Federal Claims* ("Glascoe's Response"), (Doc. 95), filed October 13, 2016; Defendant Jodi Kirkpatrick's and Defendant New Mexico Children Youth and Families Department's ("CYFD") *Response in Opposition to Plaintiffs' Motion for Final Order Remanding State Claims Pursuant to 28 U.S.C. § 1367 and Dismissing Federal Claims* ("Defendants CYFD and Kirkpatrick's Response"), (Doc. 96), filed October 14, 2016; and Plaintiffs' *Reply on Their Motion to Remand State Claims & for Final Order Dismissing Federal Claims Pursuant to Federal Rule of Civil Procedure 58(d)* (the "Reply"), (Doc. 97), filed October 19, 2016. The Court finds that Plaintiffs' Motion should be **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **Procedural History**

On September 24, 2015, this case was removed to this Court from the First Judicial District Court of New Mexico. (Doc. 1). All Defendants removed on the grounds

that Plaintiffs' First Amended Complaint presented a federal question. (Doc. 1 at 2). Plaintiffs' First Amended Complaint contained both federal and state law claims against CYFD; several CYFD employees, including the Secretary of CYFD; Richard Glascoe; and Jodi Kirkpatrick. (Doc. 1-1 at 76-89). Plaintiffs alleged that all Defendants violated 42 U.S.C. § 1983 and that they were all negligent under state law. (Doc. 1-1 at 83-88).

Between September 30, 2015, and January 15, 2016, all Defendants filed motions to dismiss the claims against them. (*See* Docs. 6, 9, 11, 12, 16, 29). On March 7, 2016, the Court denied Defendant Glascoe's motion to dismiss the § 1983 claims against him. (Doc. 42). The Court found that, taking Plaintiffs' allegations as true, Defendant Glascoe was acting under color of state law when he injured J.F., Plaintiffs' minor child, therefore he could be held liable under § 1983. (Doc. 42 at 15). The Court granted in part and denied in part Defendant Kirkpatrick's motion to dismiss. (Doc. 46). The Court held that she was entitled to qualified immunity; therefore, all federal claims against her were dismissed with prejudice. (Doc. 46 at 27). However, the Court held that she waived her immunity from suit under state law, so the negligence claims could proceed against her. (Doc. 46 at 28). The Court also dismissed all claims against Defendants CYFD employees without prejudice due to Plaintiffs' failure to state claims against them. (Doc. 49 at 16-17). Finally, the Court dismissed the § 1983 claim against Defendant CYFD, but held that Plaintiffs adequately stated a negligence claim against it. (Doc. 49 at 13, 17).

Following the denial of his first motion to dismiss, Defendant Glascoe filed another motion to dismiss, arguing he was entitled to qualified immunity from § 1983 claims. (Doc. 47 at 3-7). Plaintiffs also filed a motion for reconsideration, asking the

Court to reexamine its holding that Defendant Kirkpatrick was entitled to qualified immunity. (Doc. 50 at 4-5). The issue in both motions was whether Defendants Glascoe and Kirkpatrick were entitled to qualified immunity. Accordingly, on June 17, 2016, the Court held oral argument on both motions. (Doc. 72).

On June 21, 2016, the Court granted Defendant Glascoe's second motion to dismiss and denied Plaintiffs' motion for reconsideration. (Doc. 73). The Court reaffirmed its prior analysis of qualified immunity and held that both Defendants Glascoe and Kirkpatrick were entitled to qualified immunity. The Court therefore dismissed Plaintiffs' § 1983 claims against both defendants with prejudice. (Doc. 73 at 5). After these rulings, none of Plaintiffs' federal claims remained; the only remaining claims were state-law negligence claims against Defendants CYFD and Kirkpatrick.

On July 18, 2016, Plaintiffs filed a *Notice of Appeal*, informing the Court that they were appealing the Court's rulings that Defendants Glascoe and Kirkpatrick are entitled to qualified immunity. (Doc. 75 at 1). On August 1, 2016, Defendants Glascoe and Kirkpatrick filed a *Notice of Cross Appeal*, stating their intent to challenge the Court's rulings that foster parents may be held liable as state actors acting under color of law. (Doc. 78 at 1; *see* Docs. 42, 46 at 6-18). Defendant Kirkpatrick also intended to appeal the denial of her Motion to Dismiss negligence claims against her. (Doc. 78 at 1). In their *Notice of Cross Appeal*, Defendants Glascoe and Kirkpatrick disputed whether the Tenth Circuit Court of Appeals ("Tenth Circuit") had jurisdiction to hear Plaintiffs' appeal, although they did not elaborate why. (Doc. 78 at 1-2). On September 1, 2016, the Tenth Circuit entered an Order granting the parties' *Joint Motion to Dismiss Appeal*. (Doc. 90-

1). The parties apparently agreed to dismiss their appeals because this Court had not entered a final judgment in the case. (Doc. 92 at 2).

On October 5, 2016, Plaintiffs filed the instant Motion. Plaintiffs ask the Court to simultaneously remand the remaining negligence claims against Defendants CYFD and Kirkpatrick and enter an order of final judgment. (Doc. 93 at 1). Plaintiffs argue that remand is warranted under 28 U.S.C. § 1447 because all federal claims have been dismissed, meaning the Court no longer has federal question jurisdiction. (Doc. 93 at 2). Further, since state claims are the only claims remaining in the case, Plaintiffs submit that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 93 at 3-4). If the Court remands the state claims, Plaintiffs request the Court enter a final judgment because the Court will have adjudicated all of Plaintiffs' claims. (Doc. 93 at 4-5). Plaintiffs seek a final, appealable order. (Doc. 93 at 5).

Defendant Glascoe does not object to remanding the state claims and entering a final judgment. (Doc. 95 at 3.) Defendant Glascoe does object, however, to entering the two orders at once in a combined order. (*Id.*). Defendants CYFD and Kirkpatrick do not oppose Plaintiffs' request for a final order dismissing Plaintiffs' federal claims, but they do object to simultaneously remanding the state claims. (Doc. 96 at 3).

In their Response, Defendants CYFD and Kirkpatrick do not argue against remand. Rather, they only argue that the Court should stay a remand order pending appeal. (Doc. 96 at 4). They first argue that the Court should stay a remand order because they are likely to succeed on appeal, given the extensive briefing and oral argument on qualified immunity already. (*Id.*). Furthermore, they assert that they will be irreparably harmed by having to litigate claims in state court while appealing claims at

the Tenth Circuit. (*Id.*). Finally, they contend that if the Court does not stay a remand order and they lose on appeal, they will have to conduct duplicative discovery and litigation. (*Id.*).

Plaintiffs reply that a stay would cause more harm to them than to Defendants CYFD and Kirkpatrick. A stay pending appeal would create a delay of up to two years, on top of the two years already spent litigating motions, rather than proceeding through discovery. (Doc. 97 at 7-8). According to Plaintiffs, further delay would significantly harm Plaintiffs due to evidence being lost, forgotten, or destroyed. (Doc. 97 at 8). Plaintiffs further argue that proceeding with discovery and trial in state court will, if anything, preserve time and resources by gathering factual information that could be used in any future federal litigation. (Doc. 97 at 5-6). Thus, Defendants CYFD and Kirkpatrick would not be significantly harmed without a stay, whereas Plaintiffs will be significantly harmed if the Court issues a stay. Plaintiffs state they are likely to succeed on appeal given this Court's erroneous qualified immunity analysis. (Doc. 97 at 9-12). Finally, Plaintiffs point out that Defendants CYFD and Kirkpatrick have arguably improperly asked the Court for a stay pending appeal, since they have not properly moved the Court to do so or sought Plaintiffs' concurrence in the motion in accordance with Local Rules of Civil Procedure. (Doc. 97 at 2-3; *see* D.N.M. L.R-Civ. 7.1(a) ("[A] motion that omits recitation of a good-faith request for concurrence may be summarily denied.")).

**II.   Analysis**

   a. *Remanding State Claims*

Plaintiffs ask this court to remand the remaining state claims to state court. Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded." Under 28 U.S.C. § 1331, this Court has original jurisdiction over all claims arising under the U.S. Constitution or federal laws. Under 28 U.S.C. § 1367(c), a district court may decline supplemental jurisdiction over state law claims if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendants removed this case to this Court on the basis of the Court's original jurisdiction over Plaintiffs' federal claims. (Doc. 1 at 1-2). Through various orders, the Court has dismissed all federal claims against all Defendants. (*See* Docs. 46, 49, 73). Thus, the Court has dismissed all claims over which it has original jurisdiction. Having dismissed all claims over which it has original jurisdiction, the Court should decline to exercise supplemental jurisdiction under § 1367(c)(3). Without original jurisdiction or supplemental jurisdiction, this Court has no subject matter jurisdiction and should accordingly remand to state court under § 1447.

Moreover, no Defendant has argued against remand. Defendant Glascoe does not object to remanding state claims, none of which pertain to him. (*See* Doc. 95). Defendants CYFD and Kirkpatrick asked that the Court either deny Plaintiffs' motion to remand or stay any potential remand order, but they spent the entirety of their response arguing for a stay, not against remand. (*See* Doc. 96).

Therefore, the Court agrees with Plaintiffs that this case should be remanded to state court. The Court has dismissed all claims over which it has original jurisdiction, so

the Court may decline to exercise supplemental jurisdiction in accordance with § 1367(c)(3). Without original or supplemental jurisdiction, the Court has no subject matter jurisdiction, so the Court must remand the case to state court under § 1447.

### b. Stay Pending Appeal

Defendants CYFD and Kirkpatrick request that the Court stay any order remanding state law claims pending an appeal of the federal law issues. (Doc. 96 at 6). As a threshold matter, Plaintiffs object that Defendants CYFD and Kirkpatrick did not move the Court to stay its remand order or seek Plaintiffs' concurrence in staying a remand order. (Doc. 97 at 2-3). Local Rules of Civil Procedure provide that a motion may be summarily denied if the movant did not seek the non-moving party's concurrence in the motion. D.N.M.LR-Civ 7.1(a).

Notwithstanding Plaintiffs' objections, the Court will consider the merits of Defendants CYFD and Kirkpatrick's request. Admittedly, Defendants CYFD and Kirkpatrick's request is procedurally awkward: they have, in essence, asked this Court to stay the execution of an order that has not been entered in order to wait for an appeal that has not been initiated. However, as Defendants CYFD and Kirkpatrick point out, Plaintiffs intend to appeal this Court's final judgment. (Doc. 96 at 1). Further, Plaintiffs have had a chance to brief the issue, so they have not been prejudiced by the way Defendants CYFD and Kirkpatrick requested a stay. In fact, the only parties that might be prejudiced by considering the merits now are Defendants CYFD and Kirkpatrick, as they have not had a chance to file a reply to Plaintiffs' objections. Finally, considering the merits will expedite resolution of this case, since deciding the issue now will obviate the need for the parties to move the Court and brief the issue again.

The authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of causes on its docket." *Landis v. North American Co*, 299 U.S. 248, 254-55 (1936). Additionally, a district court's authority to stay a case pending appeal is implied through Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8(a). *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755. 760 (D.C. Cir. 1980). Courts must consider four factors when deciding whether to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on appeal; (2) whether the stay applicant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest weighs in favor of granting or denying the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). "A stay pending appeal is always an extraordinary remedy . . . ." *Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express and Station Emps. v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966).

The first factor weighs in favor of granting a stay. As Defendants CYFD and Kirkpatrick note, the issues Plaintiffs seek to appeal have been thoroughly briefed and argued, and Defendants are likely to succeed on appeal as they have before this Court. (Doc. 96 at 4-5). Plaintiffs maintain that they are more likely to succeed on appeal because the Court erred in its qualified immunity analysis. (Doc. 97 at 10-12). However, Plaintiffs have not distinguished or demonstrated error in the Court's reading of *Johnson v. Martin*, 195 F.3d 1208 (10th Cir. 1999), which the Court relied on in its analysis. (Doc. 46 at 20-22). Rather, Plaintiffs contend, without reference to *Johnson*, that the Court

"provided no authority" for the way it construed qualified immunity. (Doc. 97 at 11). As such, the Court finds that Defendants CYFD and Kirkpatrick are likely to succeed on appeal; therefore the first factor weighs in favor of granting a stay.

The second factor, whether Defendants CYFD and Kirkpatrick will be irreparably injured without a stay, weighs against granting a stay. Defendants CYFD and Kirkpatrick make two arguments here: first, they argue that if the Court does not grant the stay they will be irreparably injured by having to defend in both state district court and federal appellate court; second, they argue that if they lose on appeal, they will be irreparably injured by having to duplicate discovery that occurred in state court. (Doc. 96 at 5).

First, the Court does not believe Defendants CYFD and Kirkpatrick will be injured by having to litigate in state court while defending an appeal in federal court. In the context of injunctions, a party must show damage to property or other legal rights in order to establish irreparable injury. 42 Am. Jur. 2D *Injunctions* § 35 ("The judicial power to grant injunctive relief should be exercised only when intervention is essential to protect property or other rights from irreparable injury."). Defendants CYFD and Kirkpatrick have not explained how having to litigate in federal and state court invades their legal rights or otherwise causes them harm. Although potentially inconvenient or time-consuming, the Court fails to see how Defendants CYFD and Kirkpatrick would be "injured" at all, much less "irreparably injured."

As for their second argument, the Court is not convinced they will be forced to duplicate discovery. Defendants CYFD and Kirkpatrick's argument belies that they would not be injured by the stay itself. Rather, they suggest that if the Court orders a stay and they lose on appeal and they choose to litigate the remaining claims in federal

court, then they would be injured by having to duplicate discovery. This attenuated, unlikely injury militates against ordering the stay, especially since the Court has already concluded they are likely to succeed on appeal.

The third factor, whether other parties would be substantially injured by a stay, also weighs against issuing a stay. Plaintiffs contend that they would suffer significant prejudice if a stay is issued because the case has already been pending for two years, would be delayed even more if a stay is issued, and already involves discovery going back to 2003. (Doc. 97 at 8). Plaintiffs argue further delay could be devastating as memories fade, documents go missing, and witnesses become unavailable. (Doc. 97 at 8).

The Court agrees that any delay caused by a stay pending appeal would substantially injure Plaintiffs. This case has already been significantly delayed, and a stay would cause substantial, potentially years-long delay. Unlike Defendants CYFD and Kirkpatrick's highly attenuated, theoretical injury, Plaintiffs' potential injury is grounded in the significant delay they have already experienced and undoubtedly will experience if a stay is issued.  Thus, the third factor weighs against issuing a stay.

Finally, the public interest weighs against granting a stay. "Public policy dictates the timely conclusion of legal disputes." *Evans v. Bd. of Cnty. Commrs. of Boulder, Colo.*, 772 F.Supp. 1178, 1181 (D.Colo. 1991). As discussed, granting a stay pending appeal could potentially delay the resolution of this case for years. Defendants CYFD and Kirkpatrick have presented no compelling reason why the public would be interested in staying the resolution of this case for any amount of time. Hence, the public interest lies in speedily resolving this case, rather than issuing a stay.

For the foregoing reasons, the Court finds that three of the four factors weigh against granting a stay. Given that analysis and the fact that a stay would be an extraordinary remedy, the Court denies Defendants CYFD and Kirkpatrick's request for a stay pending appeal.

   c. *Combined Order Remanding and Entering Final Judgment*

The last issue before the Court is whether or not to enter final judgment in this order remanding the state claims. Plaintiffs propose that the Court issue an order simultaneously remanding the state claims and entering a final judgment. (Doc. 93-1). Defendants CYFD and Kirkpatrick did not opine on this specific issue, while Defendant Glascoe objects to the simultaneous entry. (Doc. 95 at 3). Defendant Glascoe protests that the final judgment would affect him, as it would resolve all federal claims, but that an order remanding state claims does not affect him. (Doc. 95 at 2). Defendant Glascoe also highlights the requirement in Federal Rule of Civil Procedure 58(a) that "[e]very judgment . . . must be set out in a separate document." Plaintiffs' only response is that this is a "cosmetic issue" the Court may address "in its discretion." (Doc. 97 at 2).

The Court will not combine this order remanding state claims with an order entering a final judgment. Rule 58(a)'s clear mandate is to file a separate judgment, and Plaintiffs have not provided any reason why this opinion and order should be combined with a final judgment, other than that being their preference. Moreover, a party may freely request that judgment be entered in a separate document. FED. R. CIV. P. 58(d). Accordingly, the Court will enter this *Memorandum Opinion and Order* remanding the remaining negligence claims against Defendants CYFD and Kirkpatrick and enter a final judgment separately.

### III.     Conclusion

For the foregoing reasons, Plaintiffs' *Motion for Final Order Remanding State Claims Pursuant to 28 U.S.C. Section 1367 & Dismissing Federal Claims*, (Doc. 93), is **GRANTED IN PART** and **DENIED IN PART**. This case, which at this point constitutes only negligence claims against Defendants CYFD and Kirkpatrick, is hereby **REMANDED** to the First Judicial District Court of the State of New Mexico.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE